IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ███████, <br><br>             Plaintiff, <br><br> v. <br><br> The Corporations, Partnerships, and Unincorporated Associations Identified on Schedule "A", <br><br>             Defendants. | Case No. 25-cv-01986 <br><br> **FILED UNDER SEAL PURSUANT TO LOCAL CIVIL RULE 5.2** <br><br> **COMPLAINT** |

### COMPLAINT

### FILED UNDER SEAL PURSUANT TO LOCAL CIVIL RULE 5.2

Plaintiff ███████ (hereinafter, "Plaintiff") hereby brings the present action against Corporations, Partnerships, and Unincorporated Associations identified on **Schedule A** attached hereto (hereinafter, collectively "Defendants") and alleges as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against the Defendants for the alleged infringement of Plaintiff's intellectual property rights. These claims arise under infringement of Plaintiff's Patent (hereinafter, the "Asserted Patent"). Defendants operates an e-commerce store on the ███████com and uses that store to market, distribute, offer for sale, and sell infringing products, that looks almost identical to the products sold by Plaintiff. Plaintiff alleges that Defendants' actions constitute an infringement upon Plaintiff' s Asserted Patent.

### II. PARTIES

███████Plaintiff is an individual residing in China. Plaintiff operates an online e-commerce shop on ███████ Plaintiff's shop is engaged in the business of marketing,

distributing, and selling crocket products globally, including within the Eastern and Western District of Texas. Specifically, Plaintiff's products include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Plaintiff's Products"). Directly at dispute in the present case are ▮▮▮▮▮▮▮▮ and the ▮▮▮▮▮▮▮▮: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

3. Plaintiff is the owner of the registered patent ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ granted by the United States Trademark and Patent Office ▮▮▮▮▮▮▮▮ with an effective date of registration of ▮▮▮▮▮▮▮▮. A true and accurate copy of the Patent Certificate is attached as **Exhibit 1**.

4. Defendants are various companies that operate an ▮▮▮▮ or other e-commerce storefront under various fictitious names or aliases. Defendants sell products that are similar to Plaintiff's Products and infringing upon Plaintiff's Patent (hereinafter, "Infringing Products"). Defendants' aliases are identified on Schedule A. Defendants' products are identified via the ASINS and seller ID on Schedule A.

5. The true names, identities, and addresses of Defendants are currently unknown and unverifiable due to the nature of their online operations. Certain aliases under which Defendants operate their e-commerce stores are not linked or associated with the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that Defendants employed such tactics to conceal their identities and the true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

6. Defendants conduct their illegal operations through a fully interactive commercial storefronts hosted on e-commerce platforms including Amazon.com (hereinafter, the "Infringing Storefronts"). Defendants target consumers in the United States, including the State of Texas, and have offered to sell and, on information and

belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Texas. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

### III. NATURE OF THE ACTION

7. This is a civil action for patent infringement under the laws of the United States, 35 U.S.C. § 271, *et seq*.

### IV. JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Defendants are an entity subject to personal jurisdiction in this District. Defendants directly target business activities toward consumers in the United States, including Texas, through its fully interactive ▓▓▓▓ storefront, and has offered for sale and, on information and belief, has sold and continues to sell infringing products to consumers in this District.

### V. GENERAL FACTS

10. In 2023, Plaintiff applied for a design patent certificate for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Plaintiff designed and developed the patent, which ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Plaintiff's own team spent and invested tremendous amounts of time, energy and money on the design of these ▓▓▓▓▓▓. These Infringing Products do not just damage Plaintiff's business reputation but also cause significant damage to Plaintiff.

11. Plaintiff is the owner of all rights, title, and interest in and to U.S. Design Patent ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The Design Patent was issued by the United States Trademark and Patent office, with an effective date of ▓▓▓▓▓▓▓▓▓▓▓▓. The Asserted Design Patent is valid, subsisting, and enforceable, and protects the design. As far as



Plaintiff is aware, there is no prior art regarding the Asserted Design Patent.

12. Plaintiff offers for sale, districts, and sell Products associated with the Design Patent in commerce in the United States since, and has established reputation associated with its patent and its products. Plaintiff's Product enjoys high ranking and high rating, demonstrating its popularity in the marketplace and the high level of customer satisfaction.

13. As a result of Plaintiff's use, promotion, and marketing of its products, featuring the unique design, together with substantial sales of those products, Plaintiff has established considerable goodwill in its products.

14. Plaintiff is engaged in the business of marketing, distributing, and selling its products throughout the world, including within the Western District of Texas.

15. Recently, Plaintiff discovered that Defendants were and are still operating a fully interactive and active e-commerce storefront on ▮▮▮▮▮▮, through which it was promoting, advertising, marketing, distributing, offering for sale, and selling products using Plaintiff's Design Patent without authorization.

16. The Design Patent has never been assigned or licensed to the Defendants in this matter.

17. Defendants have had full knowledge of Plaintiff's ownership of the Design Patent, including its exclusive right to use and license such intellectual property.

18. Defendants have targeted sales to Texas residents by setting up and operating an e-commerce storefront on ▮▮▮▮▮▮ that targets United States consumers, offers shipping to the United States, including Texas, accepts payment in U.S. dollars and funds from U.S. bank accounts, and, on information and belief, has sold Infringing Products to residents of Texas.

19. Defendants knowingly and willfully import, distribute, offer for sale, and sell Infringing Products through its Amazon storefront. Without any authorization or license from Plaintiff, Defendants have knowingly and willfully offered for sale, sold, and imported into the United States for resale or use the same product that directly and indirectly infringes Plaintiff's Design Patent. Defendants' ▮▮▮▮▮▮ storefront offers shipping to the United States, including Texas.

20. Defendants' Infringing Products are substantially similar to Plaintiff's Product, and the unauthorized use of Plaintiff's Products. The image of Asserted Patent, Defendants' Infringing Product are attached hereto as **Exhibit 2**.

21. Without Plaintiff's authorization, Defendants have copied, reproduced, and publicly displayed designs that are substantially similar to Plaintiff's patented Design Patent. These designs appear on the products sold in Defendants' ███████ storefront and are used in digital images for product marketing and promotion. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

22. Defendants' sales of infringing copies of Plaintiff's Products violate Plaintiff's intellectual property rights and are causing irreparable harm to Plaintiff.

23. Defendants' infringing conduct is willful and intentional, undertaken with knowledge of Plaintiff's rights, and has caused Plaintiff to suffer irreparable harm.

## COUNT I

## INFRINGEMENT OF THE PATENT

24. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

25. Plaintiff is the owner of the Patent. Plaintiff's exclusive rights include the rights to issue licenses, to reproduce, to distribute copies of, to display, and to authorize the creation of derivative works based on the Design Patent.

26. Defendants have infringed Plaintiff's Design Patent by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products in the United States without authorization or license from Plaintiffs.

27. Defendants have profited by their infringement of the Design Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringement.

28. Defendants have infringed the Design Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiffs to

suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiffs are entitled to injunctive relief pursuant to 35 U.S.C. § 283.

29. Defendants' conduct constitutes a separate and distinct act of infringement.

30. Defendants' conduct has at all times been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

31. Plaintiff is also entitled to recover damages adequate to compensate for the losses caused by the infringement, including Defendants' profits pursuant to 35 U.S.C. § 284.

## JURY DEMAND

32. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. A judgment against Defendants as to infringement of the claims of Asserted Design Patent.

2. An order enjoining Defendants, the officers, agents, employees, affiliates, and all persons acting in concert with them from further acts of infringement of the Design Patent, including but not limited to making, using, selling, offering to sell, importing, copying, displaying, or distributing the infringing products or works;

3. An order directing Amazon to disable and remove any listings, advertisements, or sales channels operated by Defendants in connection with the infringing products;

4. An order requiring Defendants to file a written report under oath, within ten (10) days of judgment, detailing the manner and form in which Defendants have complied with the injunction;

5. An award of damages adequate to compensate Plaintiff for Defendants' infringement of the Asserted Design Patent, including actual damages, a reasonable royalty, and disgorgement of profits attributable to the infringement, in amounts to be

proven at trial;

6. An award of statutory damages for willful patent infringement pursuant to 35 U.S.C. §284;

7. An award of Plaintiff's reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

8. An award of pre- and post-judgment interest as permitted by law;

9. Such other and further relief as the Court may deem just and proper.

Dated: December 5, 2025

*Marjorie Ouyang*

Respectfully submitted
By: /s/ *Marjorie Ouyang*
One Park Plaza, #600
Irvine, CA 92614
Marjorie.Ouyang@valleysummitlaw.com
*Attorney for Plaintiff*